**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - x
                                 :
        In re                  : Chapter 11
                                 :
**Portrait Corporation of**      : Case No. 06-22541 (RDD)
**America, Inc., et al.,**       :
                                 : (Jointly Administered)
                                 :
**Debtors.**                     :
- - - - - - - - - - - - - - - - x

Appearances:

For CPI Corp.: McDermott Will & Emery LLP, by Gary O. Ravert, Esq., Nathan F. Coco, Esq., and Brent A. Hawkins, Esq.

For Picture Me Press, LLC: Buckingham, Doolittle & Burroughs, LLP, by David Bertsch, Esq., and Joshua S. Berger, Esq.; and Curtis, Mallet-Prevost, Colt & Mosle, LLP, by L.P. Harrison 3rd, Esq., and Theresa A. Foudy, Esq.

**MEMORANDUM OF DECISION ON MOTION**
**TO ENFORCE SALE ORDER**

**ROBERT D. DRAIN**, United States Bankruptcy Judge

      For the reasons stated below, this Court exercises its discretion to abstain under 28 U.S.C. § 1334(c)(1) from deciding whether a trademark infringement action may be maintained against a buyer pursuant to a "free and clear" sale under section 363(f) of the Bankruptcy Code of the allegedly infringing trademark. That issue should instead be decided in the underlying infringement action, which has been pending for over seventeen months in the United States District Court for

1

the Northern District of Ohio and is scheduled for trial in August 2009 (the "Ohio Action").

## FACTS

In August 2006, Portrait Corporation of America, Inc. and its affiliates (the "Debtors" or "PCA") filed petitions for relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. § 101 et seq. As debtors in possession, the Debtors continued to operate their business as providers of professional digital photography services in portrait studios.

In May 2007, however, the Debtors sought approval to sell substantially all of their assets under subsections (b) and (f) of section 363 of the Bankruptcy Code, which permit debtors, if certain conditions are satisfied, to sell their property out of the ordinary course free and clear of any third party's interest in such property. On June 4, 2007, Bankruptcy Judge Hardin, who was then presiding over these cases, entered an order (the "Sale Order") approving the sale of substantially all of the Debtors' assets to CPI Corp. ("CPI").

The Sale Order provided that the Debtors' business and assets "shall be transferred to CPI and upon the closing under the Sale Agreement [the business and assets] shall be free and clear of any pre-petition or post-petition liens . . ., claims . . ., encumbrances, defenses and

2

interests . . ., and all parties asserting any liens, claims, encumbrances and interests . . . are deemed to have consented to the transfer . . . to CPI free and clear of any such liens, claims, encumbrances and interests." The Sale Order also provided that "[a]ll persons and entities holding any liens, claims, encumbrances and interests of any kind and nature with respect to the Business (other than permitted liens), are hereby barred from asserting such liens, claims, encumbrances and interests against CPI, its successors or assigns, or the Business." Sale Order ¶ 13(ii). The sale subsequently closed.

In January 2008, Picture Me Press, LLC ("PMP"), which had not objected to the Debtors' free and clear sale to CPI, filed a complaint against PCA, CPI, and CPI Images, LLC in the United States District Court for the Northern District of Ohio[1] alleging (i) trademark infringement, trademark dilution and unfair competition under the Lanham Act, see 15 U.S.C. § 1051 et seq.; (ii) deceptive trade practices under the Ohio Deceptive Trade Practices Act, see Ohio Rev. Code Ann. § 4165 et seq.; and (iii) unfair competition under Ohio common law. PMP claims that it owns the trademark "PICTURE ME," which it allegedly has used and uses on various digital

---

[1] PMP later stipulated that PCA is only a nominal defendant in the Ohio Action; the Debtors therefore have not taken a position in this proceeding.

3

templates, including children's books, greeting cards, invitations and calendars, and that the Ohio Action defendants infringed on its mark when they used "PICTUREME!" in connection with their photography services.

Discovery was completed in the Ohio Action, and the case was scheduled for trial (now to start on August 21, 2009). In April 2009, however, CPI filed a motion in this Court to enforce the Sale Order by enjoining prosecution of the Ohio Action. CPI argued that it had purchased the Debtors' PICTUREME! trademark under the Sale Order free and clear of any interest PMP might have therein, that the Sale Order found that PMP had consented to such transfer by failing to object after due notice, and that the Sale Order precluded PMP from seeking to enforce any such interest now. PMP responded by arguing that its claims for trademark infringement are not "interests" in property for the purpose of Bankruptcy Code section 363(f) and that, in any event, PMP's claim arises from an infringement of its own trademark and not from an interest in any trademark of the Debtors that CPI purchased. Accordingly, PMP concludes that the Sale Order did not extinguish CPI's liability for infringement of the "PICTURE ME" mark.[2]

---

[2] PMP also argued that because the Debtors' chapter 11 plan has been confirmed and is effective, this Court lacks subject

4

Before starting this proceeding, CPI moved in the Ohio Action to stay the trial pending this Court's determination of a motion to enforce the Sale Order. The District Court denied that request in a one sentence endorsement. PMP and CPI agree that the District Court did not address the merits of the motion that CPI has now brought in this Court. Although CPI suggested to me during oral argument that if this Court abstains, the Ohio District Court will not consider a request to enforce the Sale Order at or before the scheduled trial, neither party has identified any ruling or statement by the District Court that it would not decide such a request, particularly given that application of the Sale Order may be dispositive of the Ohio Action.

On May 1, 2009, Judge Hardin retired and this Court assumed administration of the Debtors' chapter 11 cases. On May 20, 2009, I held a hearing on CPI's motion to enforce the Sale Order and concluded that the term "interest" in section 363(f) of the Bankruptcy Code is broad enough to encompass a trademark infringement claim such as PMP's, assuming determination of certain factual issues, discussed below, in CPI'S favor. <u>See</u> <u>Precision Indus. Inc. v. Qualitech Steel</u>

---

matter jurisdiction. For the reasons stated below, however, this is incorrect. CPI, on the other hand, correctly acknowledged that this Court has concurrent subject matter jurisdiction with the Ohio District Court.

5

SBQ, LLC, 327 F.3d 537 (7th Cir. 2003); In re Trans World Airlines, Inc., 322 F.3d 283, 289 (3d Cir. 2003) ("[T]he term 'any interest' is intended to refer to obligations that are connected to, or arise from, the property being sold." (quoting Folger Adam Security, Inc. v. Dematteis/Macgregor, JV, 209 F.3d 252 (3d Cir. 2000)); In re Leckie Smokeless Coal Co., 99 F.3d 573, 582 (4th Cir. 1996) (stating that a relationship between a claim and the use of the sold assets creates an interest under section 363(f)); 3 Collier on Bankruptcy ¶ 363.06[1] (15th ed. 2009); see also Compak Cos. v. Johnson, 2009 WL 1543683, at *4 (N.D. Ill. June 1, 2009) (recognizing power to sell free and clear of a patent infringement claim under section 363(f)); In re Chrysler, 405 B.R. 84 (Bankr. S.D.N.Y. 2009), aff'd __ F.3d __ (2d Cir. 2009).[3]

This Court made a preliminary determination, however, that permissive abstention under 28 U.S.C. § 1334(c)(1) was appropriate because the factual issues discussed below that affect the validity of the Sale Order as it pertains to PMP overlap with issues before the District

---

[3] PMP argues that its claim against CPI is only for CPI's post-sale infringement of the PICTURE ME mark; however, if CPI has used the PICTUREME! mark only as the Debtors used it pre-sale, that continuous conforming use (and, therefore, CPI's interest in the mark) relates back to the asset that was sold free and clear and, therefore, under the foregoing authorities is protected by the Sale Order from PMP's competing claim.

6

Court in the Ohio Action.  I nevertheless invited the parties to submit additional briefing on the abstention issue, which was raised sua sponte at the hearing.  That briefing is now complete and has not changed my preliminary conclusion.

## JURISDICTION

This Court has core jurisdiction under 28 U.S.C. § 157(b)(1) to interpret and enforce the Sale Order.  Travelers Indem. Co. v. Bailey, 129 S.Ct. 2195, 2205 (2009); Jamaica Shipping Co. Ltd. v. Orient Shipping Rotterdam (In re Millenium Seacarriers, Inc.), 458 F.3d 92, 95 (2d Cir. 2006); see also Allegheny Univ. Hosps. v. Nat'l Union of Hosp. & Health Care Employees (In re Allegheny Health, Educ. And Research Found.), 383 F.3d 169, 176 (3d. Cir. 2004); South Motor Co. of Dade County v. Carter-Pritchett-Hodges, Inc. (In re MMH Automotive Group, LLC), 385 B.R. 347, 355 (Bankr. S.D. Fla. 2008); NWL Holdings, Inc. v. Eden Ctr., Inc. (In re Ames Dep't Stores, Inc.), 317 B.R. 260, 272-73 (Bankr. S.D.N.Y. 2004).  It does not matter that the dispute is now between two non-debtors, CPI and PMP, or that the Debtors' chapter 11 plan has been confirmed.  See Luan Inv. S.E. v. Franklin 145 Corp. (In re Petrie Retail, Inc.), 304 F.3d 223, 230 (2d Cir. 2002)

7

(finding post-confirmation jurisdiction over a dispute between non-debtor parties over the effect of a sale order).[4]

## DISCUSSION

"[F]ederal courts should be sparing in the exercise of discretionary abstention," Metromedia Fiber Network, Inc. v. Various State & Local Taxing Auths. (In re Metromedia Fiber Network, Inc.), 299 B.R. 251, 280 (Bankr. S.D.N.Y. 2003) (quoting Texaco Inc. v. Sanders (In re Texaco Inc.), 182 B.R. 937, 946 (Bankr. S.D.N.Y. 1995)); however, in the appropriate case they should abstain. When determining whether to exercise discretionary abstention, bankruptcy courts consider the following factors:

> (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which [non-bankruptcy] law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable [non-bankruptcy] law, (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court, (5) the jurisdictional basis, if

---

[4] PMP cites Zerand-Bernal Group, Inc. v. Cox, 23 F.3d 159 (7th Cir. 1994), for the proposition that this Court lacks jurisdiction to hear CPI's motion to enforce the Sale Order. However, Zerand runs counter to both Travelers Indem. Co. v. Bailey with respect to the Court's continuing jurisdiction to interpret and enforce its orders and Second Circuit law on the reach of section 363(f). It involved a sale purportedly free and clear of an unknown personal injury claim, moreover, not of an interest in a trademark that allegedly existed when the sale was approved. Courts in this circuit clearly view section 363(f) to have a broader reach than Zerand did, see, e.g., In re Chrysler, 405 B.R. at __; In re Lawrence United Corp., 221 B.R. 661 (Bankr. N.D.N.Y. 1998) ("interests" under section 363(f) are not limited to in rem interests).

> any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted "core" proceeding, (8) the feasibility of severing [non-bankruptcy] law claims from core bankruptcy matters to allow judgments to be entered in [non-bankruptcy] court with enforcement left to the bankruptcy court, (9) the burden of [the bankruptcy court's] docket, (10) the likelihood that the commencement of the proceeding in a bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of non-debtor parties.

Rosetta Res. Operating LP Calpine Corp. v. Pogo Producing Co. (In re Calpine Corp.), 361 B.R. 665, 669 (Bankr. S.D.N.Y. 2007). Not all of these factors need be applied, however, Cody, Inc. v. County of Orange & Town of Woodbury (In re Cody, Inc.), 281 B.R. 182, 190 (S.D.N.Y. 2002), although the balance should be "heavily weighted in favor of the exercise of jurisdiction." Eastern Air Lines, Inc. v. Int'l Assoc. of Machinists & Aerospace Workers, AFL-CIO (In re Ionosphere Clubs, Inc.), 108 B.R. 951, 954 (Bankr. S.D.N.Y. 1989).

In this instance, the balance tips decidedly in favor of abstention. That is because three factual issues raised by CPI's motion to enforce the Sale Order overlap with the Ohio Action. First, the Debtors could not have sold to CPI what they did not a least colorably own; if they did not have at least a claim to the PICTUREME! mark, they could not have sold it free and clear of PMP's allegedly competing

interest in PICTURE ME.  This issue thus overlaps with whether PMP, in light of the Debtors' alleged claim to have owned the PICTUREME! mark before the sale to CPI, actually has an enforceable PICTURE ME trademark under 15 U.S.C. § 1114.  See Leelanau Wine Cellars, Ltd. v. Black & Red, Inc., 502 F.3d 504, 515 (6th Cir. 2007); Pirone v. MacMillan, Inc., 894 F.2d 579, 581-82 (2d Cir. 1990).

Second, PMP alleges that it did not have actual or constructive notice of the Debtors' use of the PICTUREME! mark until after the sale.  Therefore, PMP contends, it did not know it had an interest to protect, and, thus, the Debtors' notice to PMP of the Debtors' intention to sell their assets free and clear to CPI was ineffective notice of their intention to sell the PICTUREME! mark free and clear of PMP's interest.  See Compak, 2009 WL 1543683, at *4-7; In re MMH Automotive, 385 B.R. at 356-59.  To be effective, PMP contends, the Debtors' notices needed to alert it of the Debtors' prior use of the mark; otherwise, according to PMP, its consent to the sale could not have been implied under 11 U.S.C. § 363(f)(2) without violating due process and, having violated due process, the Sale Order cannot bar PMP's claim. Compak, 2009 WL 1543683, at *5-7; In re MMH Automotive, 385 B.R. at 356-59; see also FutureSource LLC v. Reuters Ltd., 312 F.3d 281, 285 (7th Cir. 2002).

10

CPI argues, to the contrary, that the Debtors' open prior use of the PICTUREME! mark means that PMP can be deemed to have known about the alleged infringement, and, thus, that notice of the sale was effective for due process purposes.[5] Ultimately, this is a question of fact that overlaps with the issue in the Ohio Action of the open and notorious use of the PICTUREME! mark, Leelanau Wine Cellars, 502 F.3d at 515; Pirone, 894 F.2d at 581, even though one issue involves notice for the purpose of due process in connection with the Sale Order and the other issue involves determining use and notice for the purpose of trademark law.

Finally, CPI acknowledged at the hearing that CPI could be liable for infringement of the PICTURE ME mark, notwithstanding the Sale Order, if it used PICTUREME! post-sale in a materially different way then the Debtors' pre-sale use. That issue, too, many arise in the Ohio Action.

Each of these issues raises the distinct possibility that this Court and the District Court in the Ohio Action could make overlapping factual findings if I do not abstain from the present motion. For example, I could determine that the Debtors' use of PICTUREME! was neither open nor known to PMP, which therefore could not be charged with failing to

---

[5] CPI also argues that PMP had actual notice not only of the sale but also of the Debtors' use of the PICTUREME! mark, which PMP strongly disputes.

object to the proposed sale, whereas the District Court could conclude that the Debtors had sufficiently established the PICTUREME! mark to defeat PMP's infringement claims. Where the District Court has already supervised the parties' discovery and marked the matter trial-ready (and where the Sale Order does not present any difficult issues of interpretation and is, at least as importantly, the product of a third judge, Judge Hardin, see In re Bay Point Assocs., 2008 U.S. Dist. LEXIS 108402 (E.D.N.Y. March 18, 2008)), it is clearly most efficient to abstain in favor of the Ohio Action.

In addition, although the effectiveness of "free and clear" sale orders is a critical principle of bankruptcy jurisprudence (analogous to the importance of the bankruptcy discharge, as discussed in Texaco Capital Inc. v. Sanders (In re Texaco Inc.), 182 B.R. 937, 946, 947 (Bankr. S.D.N.Y. 1995)), resolution of CPI's motion to enforce the Sale Order is at most only tangentially related to the Debtors' bankruptcy estates. Although this Court has jurisdiction, this is a dispute between two non-debtors in which the Debtors' estates apparently have no financial interest. Finally, while CPI makes a colorable argument that it learned sufficient facts to file its motion to enforce the Sale Order only after completing discovery in the Ohio Action, CPI's pursuit of the motion in this Court, rather than in the Ohio

12

District Court, many months after the commencement of the Ohio Action and after CPI's assertion of a counterclaim in the Ohio Action, raises more than a suggestion of forum shopping.

## CONCLUSION

For the forgoing reasons, therefore, this Court exercises its discretion under 28 U.S.C. § 1334(c)(1) to abstain with respect to CPI's motion to enforce the Sale Order in deference to the District Court in the Ohio Action. Counsel for PMP should submit an order consistent with this memorandum within ten days.

Dated:   New York, New York
         July 7, 2009

                                    /s/ Robert D. Drain
                                    Robert D. Drain
                                    United States Bankruptcy Judge